IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RUSSELL E. GALER, II,               §
                                    §
            Plaintiff,              §
                                    §
v.                                  §        CIVIL ACTION NO. H-06-0255
                                    §
TOMMY THOMAS, et al.,               §
                                    §
            Defendants.             §

**MEMORANDUM OPINION AND ORDER**

Russell E. Galer, II, a Harris County Jail inmate, has filed a prisoner civil rights complaint against various government officials.  This action will be dismissed due to Galer's history of frivolous civil rights complaints and his abuse of the judicial system.

Galer alleges in his complaint that the Director of Medical Services for the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) was deliberately indifferent to injuries he suffered between 1981 and 1984 when he was "body slammed on concrete floor [sic]."  He also asserts that President George W. Bush was negligent in carrying out his "War on Drugs" program during his tenure as governor of Texas.  Galer states that he was denied proper treatment for depression during a prison sentence that expired in March of 1996.

Galer has previously filed civil rights complaints and appeals while he has been incarcerated. At least five of these were dismissed as frivolous. Galer v. Johnson, No. H-00-2742 (S.D. Tex. Oct. 18, 2000); Galer v. Johnson, No. H-99-1448 (S.D. Tex. Mar. 22, 2000); Galer v. Johnson, 6:99cv305 (W.D. Tex. Dec. 14, 1999); Galer v. Johnson, No. 00-50021 (5th Cir. Dec. 13, 2000) (re: No. 6:99cv305); Galer v. Johnson, No. H-98-3781 (S.D. Tex. Mar. 2, 2001). Moreover, Galer has been sanctioned for continuing to file documents after the district court ordered him not to do so. No. H-00-2742, Order entered April 12, 2001). Pursuant to the court's Order, Galer may not file any civil rights suit unless he pays a sanction of $50.00 and the entire filing fee in advance. Id.

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal court or an appeal in a federal court of appeals that was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Galer has failed to show that he is in any immediate danger of being harmed. On the contrary, Galer refers to events that occurred at the TDCJ-CID during a period of incarceration which occurred years ago. His current absence from the TDCJ-CID would moot any such claim. Cooper v. Sheriff, Lubbock

-2-

County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991). In addition, the complained of events occurred more than two years before the filing of this action, and the prosecution of such claims is untimely. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998), citing Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Consequently, Galer's claims are frivolous and he has failed to show that he is eligible to proceed as a pauper. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Choyce v. Dominquez, 160 F.3d 1068, 1071 (5th Cir. 1998).

### Conclusion

Accordingly, the court **ORDERS** as follows:

1.  The Complaint (Docket Entry No. 1) is **DISMISSED with prejudice**. 28 U.S.C. § 1915(e)(2)(B)(i); 28 U.S.C. § 1915(g).

2.  The Clerk will provide copies of this Memorandum Opinion and Order to the parties; to the TDCJ – Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax No. 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

**SIGNED** at Houston, Texas, on this the 3rd day of July, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE